Benjamin ZELTSER, Berwin Jewelry Co., Inc., Jacmel Jewelry Inc., Diadem Jewelry Creations, Inc., So-Mar Dental Studios, Inc. and Labco Products, Incorporated, Plaintiffs,

v.

Nelson Bunker HUNT, W. Herbert Hunt, Lamar Hunt, Bache, Halsey, Stuart, Shields, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, ContiCommodity Services, Inc., Faisal Ben Abdullah Al Saoud, Naji Nahas, Mohammed Aboud Al-Amoudi, Ali Bin Moussalam, Mahmoud Fostok, and International Metals Investment Co., Ltd., Defendants.

Civ. A. No. 80 Civ. 4009 (KTD).

United States District Court,
S. D. New York.

Decided March 9, 1981.

Kass, Goodkind, Wechsler & Labation, New York City, for plaintiffs; Robert Harwood, New York City, of counsel.

Shank, Irwin, Conant, Williamson & Grevelle, Dallas, Tex., for defendants N. B. Hunt, W. H. Hunt and Lamar Hunt, Robert B. Cousins, Jr., Dallas, Tex., of counsel.

Rogers & Wells, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.; Susan A. Garcia, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Conti-Commodity Services, Inc.; Richard Briffault, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Bache, Halsey Stuart Shields Inc.; Marvin Schwartz, Nadine Strossen, Florence A. Davis, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On July 14, 1980, plaintiffs instituted this class action on behalf of all those who purchased silver futures contracts, silver bullion or refined silver in commercial quantities between January 1, 1979 and March 25, 1980 (the "class period").

Plaintiffs allege that defendants conspired to manipulate the price of silver and to restrain trade and create a monopoly in the silver market, all in violation of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*, and the antitrust laws of the United States, the State of Texas, and the State of New York. More specifically, plaintiffs contend that the defendants' manipulative activities artificially inflated the price of silver from ten dollars an ounce in early 1979 to forty-five dollars an ounce by January 1980. Plaintiffs and the class were allegedly damaged "in an amount presently undetermined" because they were forced to pay exorbitant and artificially inflated prices for the silver they purchased. Plaintiffs believe class-wide damages are in excess of $100,000,000 and demand recovery of three times that amount under federal and state antitrust laws.

■ Defendant Bache Halsey Stuart Shields Incorporated ("Bache") now moves to dismiss this action as a class action and to strike the class allegations from the complaint. Bache argues that the action should be dismissed as a class action because the plaintiffs failed to move for class certification within 60 days after the complaint was filed. Local Rule 11A(c) provides that within 60 days after filing a pleading asserting a claim for or against a class, the party asserting that claim shall move for class certification under Fed.R.Civ.P. 23. In the event certification is not requested within this prescribed time period, Rule 11A(d) provides that "the opposing party shall move within thirty days . . . to dismiss the action as a class action."

Plaintiffs concede their failure to make a timely motion for class certification but request that the court deny defendant's motion on the grounds that neither the defendant nor the class has suffered prejudice due to delay. Bache replies, however, that it was prejudiced in that it was forced to bring this motion.

Local Rule 11A(d) accords the district court wide discretion in deciding a motion to dismiss for untimeliness. Instead of dismissing the class action, the court may award costs, expenses and counsel fees against the party seeking class certification, or may grant other appropriate relief. In view of the circumstances of this case, Bache's motion to dismiss is denied. Plaintiffs' delay of less than four weeks was minimal and no significant prejudice to defendant has been demonstrated. Defendant, however is entitled to recover its costs because it properly complied with court rules and plaintiffs offer no allowable excuse for its delay.

■ Plaintiffs have cross-moved at this time for class certification. This cross-motion is denied. The class, as it is presently defined, is simply too amorphous. *Inter alia*, plaintiffs include in the class all those who purchased silver futures contracts, silver bullion or refined silver in commercial quantities. Plaintiffs, however, offer no definition of the term "commercial quanti-

ties." Thus, it is impossible to certify or limit potential class members. It is also impossible to determine whether the class satisfies the numerosity requirement of Rule 23 or whether plaintiffs can adequately represent the interests of the class.

Accordingly, the motion to certify the class is denied with leave to amend the class definition within fifteen days.

SO ORDERED.